Jennifer K. HARBURY, on her own behalf and as administratrix of the Estate of Efrain Bamaca–Velasquez, Appellant,

v.

John M. DEUTCH, Director, Central Intelligence Agency (CIA), et al., Appellees.

No. 99–5307.

United States Court of Appeals, District of Columbia Circuit.

Filed April 6, 2001.

Before: EDWARDS, Chief Judge; STEPHEN F. WILLIAMS, GINSBURG, SENTELLE, KAREN LeCRAFT HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, Circuit Judges.

A statement of Circuit Judge HENDERSON dissenting from the denial of rehearing en banc, joined by Circuit Judge SENTELLE, is attached.

Circuit Judge GARLAND did not participate in this matter.

### ORDER

PER CURIAM:

Appellees' petition for rehearing en banc and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the

petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

KAREN LeCRAFT HENDERSON, Circuit Judge, with whom SENTELLE, Circuit Judge, joins, dissenting:

I dissent from the denial of rehearing en banc because Harbury suffered no constitutional deprivation or, alternatively, if she did, the individual defendants are entitled to qualified immunity from liability therefor. As the panel opinion notes, to state a claim Harbury must allege that the defendants' misrepresentations and nondisclosures foreclosed her " 'from effectively seeking adequate legal redress,' " *Harbury v. Deutch,* 233 F.3d 596, 609 (D.C.Cir.2000) (quoting Complaint ¶ 98). Yet Harbury has nowhere identified what "legal redress" might have been adequate to save her husband. Her claim on appeal that but for the government's deception she "could have sought an emergency injunction based on an underlying tort claim for intentional infliction of emotional distress," *id.,* does not fill the bill. No United States court could reach the alleged tortfeasors, Guatemalan nationals on Guatemalan soil, in order to prevent their killing Harbury's husband, another Guatemalan national. While Harbury may not be required to plead "a strict causal showing of exactly what relief [she] would have obtained in court had defendants not concealed the truth," she must nevertheless "establish that the concealment was a substantial cause of [her] failure to obtain judicial relief." *Bell v. City of Milwaukee,* 746 F.2d 1205, 1263 n. 72 (7th Cir.1984). She has not. The only cause is the absence of any effective relief. "I do not believe the Court does a [party] a favor by giving it an opportunity to expend resources in litigation that has no chance of success." *South Carolina v. Regan,* 465 U.S. 367, 403, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984) (Stevens, J., dissenting).

Even had Harbury made a colorable claim, the individual government defendants would be entitled to qualified immunity because reasonable officials in their positions could have believed that under established law their actions did not violate Harbury's constitutional right of access to the courts. In cases from other circuits finding such a right was violated, the plaintiffs alleged that the defendant state officials, police officers or prosecutors, covered up murders by other such officials in order to prevent the plaintiffs from pursuing wrongful death actions. *See, e.g., Bell, supra; Ryland v. Shapiro,* 708 F.2d 967, 972 (5th Cir.1983). In this case, by contrast, Harbury contends the National Security Council and the State Department covered up her husband's captivity by foreign nationals on foreign soil in order to keep her from obtaining relief in a United States court that would prevent her husband's subsequent murder on foreign soil at the hands of the foreign nationals. The defendants plainly were not on notice that such very different conduct might violate Harbury's right of access to the courts. *See Butera v. District of Columbia,* 235 F.3d 637, 646 (D.C.Cir.2001) ("A constitutional right was 'clearly established' at the time of the events in question only if '[t]he contours of the right [were] sufficiently clear that a reasonable officer would understand that what he [was] doing violate[d] that right.' ") (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)) (citing *Harris v. District of Columbia,* 932 F.2d 10, 13 (D.C.Cir.1991); *Martin v. Malhoyt,* 830 F.2d 237, 253 (D.C.Cir.1987)).